IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

| | | |
|---|---|---|
| W.W.M.S., INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| OHIO SECURITY INSURANCE COMPANY, | ) | JURY DEMAND |
| | ) | |
|     Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Ohio Security Insurance Company ("OSIC") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this notice of removal from the Circuit Court of Obion County, Tennessee to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson. In support of this Notice of Removal, OSIC states:

**1.     FACTS AND PROCEEDINGS**

1.     On or about April 11, 2016, W.W.M.S., Inc. ("Plaintiff") filed a Complaint (the "Complaint") against OSIC in the Circuit Court of Obion County, Tennessee. The state court case is styled: *W.W.M.S., Inc. v. Ohio Security Insurance Company,* Case No. CC-16-cv-14.

2.     OSIC was served on or about April 25, 2016 through the Department of Commerce and Insurance.

3.     The Complaint is based on events related to a winter storm event that allegedly damaged property at Plaintiff's principal place of business located at 1516 East Reelfoot Avenue, Union City, Tennessee on or about February 2015. Plaintiff claims the winter event caused

substantial exterior and interior damage to the commercial building located at that address. (*See generally* Compl.)

4.  In their Complaint, Plaintiff asserts certain claims against OSIC and seeks compensatory damages, punitive damages, cost of this action, and pre and post judgment interest based on what they describe as breach of contract claim. (Compl. ¶¶ 22-29.)

## II.  THIS NOTICE IS TIMELY FILED

5.  This notice of removal is timely filed within thirty days of this action becoming removable. *See* 28 U.S.C. § 1446(b) (2011). The Complaint was filed on April 11, 2016 and OSIC was served on April 25, 2016, which is less than 30 days from the filing of this Notice.

## III.  REMOVAL PROCEDURES

6.  Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2011).

7.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). OSIC seeks to remove this case to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson. The Circuit Court of Obion County, Tennessee is located within this District and cases arising from Obion County are properly assigned to the Eastern Division at Jackson of this Court. *See* 28 U.S.C. § 123(a)(1).

8.  In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by OSIC is attached hereto as **Exhibit A**.

9.  Defendant has filed this Notice of Removal with this Court, is contemporaneously

serving a copy of the Notice of Removal upon Plaintiff, and is filing a copy of this Notice of Removal in the Obion County Circuit Court pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Removal that is being filed with Obion County Circuit Court is attached hereto as **Exhibit B**.

**IV.    THIS COURT HAS DIVERISTY JURISDICTION**

10.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332.

11.    Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

12.    Plaintiff is a corporation formed under the laws of the State of Arkansas, City of Springfield, Washington County, doing business as a foreign corporation operating in Union City, Obion County, Tennessee. (Compl. ¶ 1.)

13.    OSIC is a company organized under the laws of the State of New Hampshire whose principal place of business is 175 Berkeley Street, Suffolk County, Boston, Massachusetts.  For purposes of diversity, OSIC is a citizen of New Hampshire and Massachusetts.  28 U.S.C. § 1332(c)(1).

14. Accordingly, complete diversity of citizenship exists between the parties because Plaintiff is a citizen of Arkansas, doing business in Tennessee, and Defendant is a New Hampshire entity  operating out of its principal office in Massachusetts.

15. The amount in controversy requirement is also satisfied. In their Complaint, Plaintiff requests compensatory damages in the amount of $550,000; punitive damages in the amount of $5,000,000; all costs incurred as a result of this action; pre- and post-judgment interest, and attorney's fees. (*See generally* Compl. and Prayer for Relief.) The value of the damages claimed regarding the Property exceeds $75,000.00. Therefore, the Complaint on its face, establishes an amount in controversy in excess of $75,000.00.

V.  **CONCLUSION**

WHEREFORE, OSIC respectfully requests the above-captioned action now pending in the Circuit Court of Obion County, Tennessee, be removed to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson, that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

*s/ John R. Wingo*
John R. Wingo (BPR No. 16955)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Email: john.wingo@stites.com
Telephone: (615) 782-2286

*Counsel for Defendant, Ohio Security Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2016, a copy of the foregoing *Notice of Removal* was filed with the Clerk's office and served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

GILBERT RUSSELL, MCWHERTER
SCOTT & BOBBITT, PLC
Clinton H. Scott, Esq.
101 N. Highland Avenue
Jackson, TN 38301
Email: cscott@gilbertfirm.com
Telephone: (731) 664-1340
Facsimile: (701) 664-1540

and

J. Brandon McWherter, Esq.
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Email: bmcwherter@gilbertfirm.com
Telephone: (615) 354-1144
Facsimile: (701) 664-1540

*Counsel for Plaintiff*

             *s/ John R. Wingo*

1172464:2:NASHVILLE